# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER WHALEN; THOMAS AND SHARON TOMLINSON; TIFFANY KLICK; CATHERINE JERREMS; BRIAN AND AMY PFAFF; LANCE ADAMSON; RICHARD AND MELISSA HAWKINS; KRAIG CABLE; HOWARD AND LINDA REED; RAY HUSSA; CAREN ENGLISH; DESSA HANEY; RICHARD MONTEROSSO; TY BOTHWELL; NATHAN AND LAURA SMITH; JACK AND SHARON CASWELL; AUSTIN AND SARAH BISHOP; ROSS LAWRENZ; MELVIN YOUNG; COREY DAHLQUIST; TIMOTHY AND KRISTINE HANK; TODD AND TRACI BIRCH; LEAH KELSEY; STEVEN AND KATRINA ELLIOTT; FELIX AND TINA CUEN, | Case No. 2:12-cv-00291-EJL-CWD **REPORT AND RECOMMENDATION** |

Plaintiffs,

v.

BANK OF AMERICA, N.A. FOR THEMSELVES AND AS SUCCESSOR IN INTEREST OF COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOAN , INC.; BAC HOME LOANS SERVICING; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and JOHN DOES 1-10,

Defendants.

**REPORT AND RECOMMENDATION - 1**

# INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss, which seeks to dismiss the First Amended Complaint alleging various claims against Plaintiffs' mortgage holders. Plaintiffs bring this action to prevent the taking or foreclosure of their homes by Defendants, on the grounds that their loans were improperly assigned, among various other claims. Although the claims are not dissimilar to other complaints of this nature that the Court has considered, the way the complaint is styled is---namely, there are multiple plaintiffs rather than one individual plaintiff bringing suit against Bank of America, Countrywide, ReconTrust, and Mortgage Electronic Systems (MERS). This method of pleading presents particular problems in the context of Plaintiffs' claims.

Defendants move to dismiss, citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6). First, Defendants contend this Court lacks jurisdiction, because Plaintiffs do not have standing. Second, Defendants argue that Plaintiffs' claims fail to meet the pleading standards of Fed. R. Civ. P. 8, because the claims are conclusory. And finally, Defendants attack the claims on their merits based upon precedent from this Court.

The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). After carefully considering the

**REPORT AND RECOMMENDATION - 2**

submissions of the parties and the governing law, the Court recommends that the motion to dismiss be granted.

## FACTS

Plaintiffs are borrowers who own homes in Idaho. (First Am. Compl. ¶¶ 7—29.) There are thirty-six Plaintiffs and five Defendants named in this action. Defendants include Bank of America, loan originator Countrywide Home Loans, Mortgage Electronic Registration System ("MERS"), BAC Home Loans Servicing, and ReconTrust. (*Id.* at ¶¶ 30—37.) All Plaintiffs allegedly purchased their homes with proceeds from loans that are now serviced by Defendant Bank of America, N.A. (*Id.* at ¶¶ 7—29.) Plaintiffs allege that their home loans were securitized, repackaged, and sold to third parties, and that as a result, Bank of America no longer has the right to enforce the payment obligations on the loans or to foreclose on their homes under the various deeds of trust. (*Id.* at ¶3, ¶¶ 39—41.) Plaintiffs do not dispute, however, that they each owe money on their mortgage obligations. (*Id.* at ¶ 63.)

Plaintiffs filed this action "to prevent the improper taking and/or foreclosure of their property" by Bank of America. (*Id.* at ¶ 1.) However, it appears that no foreclosures are currently pending against any of the Plaintiffs, many of whom are current on their loan payments. (Decl. of Ayvazian, ¶ 3 d-e, Dkt. 15.) And Bank of America services only twenty-nine of the Plaintiffs' loans. (*Id.* at ¶3c.) Instead, Plaintiffs allege that they are on a "slippery slope" to losing their homes through non-judicial foreclosure (First Am. Compl. ¶ 81), but allege no specific facts showing that foreclosure is imminent or that anyone has threatened them with foreclosure. (*Id.* at ¶77—80.)

**REPORT AND RECOMMENDATION - 3**

Plaintiffs claim also that Bank of America has defrauded them through a series of deceptions that caused overpayments, miscalculated interest, damaged credit scores, and unmarketable titles to their properties. (*Id.* at ¶ 72, ¶¶ 111—124.) Ultimately, Plaintiffs ask the Court to determine their obligations under each of their loans and to identify their rightful creditors given that many of their loans have been repackaged, securitized, and sold to investors. (*Id.* at ¶¶ 125—161.)

This is Plaintiffs' third attempt at a complaint. Plaintiffs first filed in November of 2011, and voluntarily dismissed the case on February 23, 2012. *Whalen v. Bank of Am.*, No. 1:11-cv-00549-EJL. Three months later, Plaintiffs filed a substantially similar complaint, which Defendants moved to dismiss on September 26, 2012. (Dkt. 13.) In response, Plaintiffs filed their First Amended Complaint, and Defendants stipulated to a briefing schedule. Other than adding some background information and changing the prior "accounting" claim to a claim under Idaho's Consumer Protection Act, the First Amended Complaint contains the same factual background and claims as the prior iterations.

## ANALYSIS

The First Amended Complaint asserts four causes of action: (1) one for declaratory relief; (2) one for fraud against all Defendants; (3) one for violation of Idaho's Consumer Protection Act; and (4) lastly, one for violation of the Fair Debt Collection Practices Act. None of the theories of relief as currently pleaded are viable. The Court therefore recommends that Defendants' motion to dismiss be granted with respect to each of the claims listed above.

**REPORT AND RECOMMENDATION - 4**

1.     *Bisson, et. al. v. Bank of America, N.A., et. al.*

Of note is the case of *Bisson, et. al. v. Bank of America, N.A., et. al.*, No. c12-0995JLR, 2013 WL 325262 (W.D. Wash. Jan. 15, 2013), which Defendants brought to the Court's attention on February 11, 2013, by way of a notice of supplemental authority. (Dkt. 25.) The complaint in *Bisson* appears strikingly similar in both style and substance to the Amended Complaint in this matter. The *Bisson* complaint contains the same four claims as in this case, although the fraud and consumer protection act claims were brought under Washington state law. The same law firm appearing in this case filed the complaint on behalf of the plaintiffs in *Bisson*.

The district Court for the Western District of Washington dismissed the complaint, on the grounds that the plaintiffs lacked standing to bring consumer protection act and Fair Debt Collection Practice Act claims because they alleged no injury. With respect to the plaintiffs' fraud claim, the court dismissed it for lack of an allegation the plaintiffs suffered any injury, and for the plaintiffs' failure to adequately allege all elements of fraud under Washington law. As for the plaintiffs' declaratory judgment claim, the court dismissed it as well for failure to allege that any foreclosures had been initiated or threatened, resulting in a lack of standing to pursue such a claim. The district Court then held that the plaintiffs did not adequately plead a claim for declaratory relief with respect

to who owns each of their home loans and has the right to collect on them, but did permit the plaintiffs time to amend their complaint regarding this claim.[1]

Although they have had sufficient time to do so considering their counsel's firm prosecuted that action, Plaintiffs in this action have not addressed the effect of *Bisson* on the Plaintiffs' claims here. But the Court finds the reasoning sound, and sees no reason not to consider the Washington District Court's opinion as part of its analysis.

## 2.     Motion to Dismiss Standards

### A.      *Rule 12(b)(1)*

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *Id*. On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id*. When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1988). A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th

---

[1] The Court takes judicial notice of the docket in *Bisson*, and has reviewed the same via PACER. District Judge James Robart granted the plaintiffs an extension up through and including February 19, 2013, within which to file their amended complaint. As of May 28, 2013, the docket reflects that the plaintiffs have not filed an amended complaint, and an order of dismissal has not been entered.

**REPORT AND RECOMMENDATION - 6**

Cir.1987). When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983) (citing *Thornhill*, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Augustine*, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077 (citing *Thornhill*, 594 F.2d at 733–35). This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

### B.    *Rule 12(b)(6)*

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule

**REPORT AND RECOMMENDATION - 7**

12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the United States Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**REPORT AND RECOMMENDATION - 8**

Providing too much in the complaint also may be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866

**REPORT AND RECOMMENDATION - 9**

(9th Cir. 2004). The Court also may examine documents referred to in the complaint, although not attached, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**3.      Consumer Protection Act and FDCPA Claims**

   **A.      *Plaintiffs Lack Standing***

         Federal courts may decide issues only that are necessary to resolve a case or controversy. As such, Plaintiffs must have standing as individuals to sue Defendants. The party invoking federal jurisdiction bears the burden of proving the three elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Those three elements are proof of an injury in fact that is concrete and particularized, as well as actual or imminent; a causal connection between the injury and the conduct complained of, which injury must be traceable to the defendant's action and not the independent action of a third party not before the court; and it must be likely, as opposed to speculative, that the injury will be addressed by a favorable decision. *Lujan*, 504 U.S. at 560–61. In deciding a motion to dismiss based upon lack of standing, the Court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

         Of note in this case is that the claim under the FDCPA is a verbatim recitation of the claim asserted in *Bisson* under the FDCPA, and a substantially similar claim is asserted under Idaho's Consumer Protection Act. District Judge Robart in *Bisson* found the plaintiffs lacked standing because there was no traceable injury. 2013 WL 325262 *3. Similarly, there is no standing here. For both their Consumer Protection Act Claims and

**REPORT AND RECOMMENDATION - 10**

FDCPA Claims, Plaintiffs have failed to allege facts that establish injury, and therefore Plaintiffs lack standing. (*See* First Am. Compl., ¶¶ 142 – 167.)

As in *Bisson*, the two causes of action are based upon purported flaws in the deeds of trust and on Bank of America's right to pursue non-judicial foreclosure against Plaintiffs. (*Id.*) The only injury traceable to this conduct is injury resulting from wrongful judicial foreclosure. Plaintiffs allege as much, indicating in their "Consumer Protection Act" claim that Defendants have violated Idaho's Deceptive Trade Practices Act[2] because the improper party claims an interest in Plaintiffs' mortgage loans, and under the FDCPA, that Defendants have no authority to take non-judicial action to dispossess Plaintiffs of their properties. But, Plaintiffs have not alleged that any of them is currently subject to foreclosure proceedings. Rather, they allege that there is the "possibility of losing their home(s) through foreclosure," and Defendants have only just begun the foreclosure process by recording a Notice of Default. (*Id.* ¶¶ 152, 159.)

Defendants, on the other hand, have filed affidavits showing that, of the twenty-nine Plaintiffs whose loans Bank of America currently services, at the time the complaint was filed fourteen of the borrowers were current on their loan payments, and four of the borrowers were delinquent, but no foreclosure proceedings had been initiated. The other eleven loans have simply been "referred to be foreclosed upon." (Decl. of Ayvazian, Dkt. 15.) And fifteen of the loans were not securitized in the manner Plaintiffs suggest, with seven being held for investment by Bank of America itself, and eight having never been

---

[2] The Idaho Deceptive Trade Practices Act prohibits "engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." Idaho Code § 48-601(17).

**REPORT AND RECOMMENDATION - 11**

listed or registered in the MERS system. (*Id.*) Accordingly, there is no traceable injury, and there is no justiciable controversy with respect to these two claims.

Plaintiffs do not have standing to bring their Consumer Protection Act Claims or their FDCPA Claims. The Court therefore recommends that the Defendants' Motion to Dismiss be granted. Further, it is unlikely these claims can be cured by amendment, because of the evidence before the Court.

### B.    *The Merits Are Lacking as Well*

Even if Plaintiffs could overcome their lack of standing, Plaintiffs' claims under Idaho's Deceptive Trade Practices Act and the FDCPA fail on their merits. Under the Consumer Protection Act Claim, Plaintiffs allege that Defendants have engaged in misleading, false or deceptive acts because Defendants have (1) thwarted Plaintiffs' effort to determine the identity of their lenders or creditors to tender payments; (2) instituted or threatened foreclosure proceedings against Plaintiffs with documentation that is missing, fraudulent, or deceptive; (3) represented they have the beneficial interest in Plaintiffs' properties; and (4) represented that Plaintiffs are indebted to them by virtue of an assignment. These claims are based primarily upon the naming of MERS in the Trust Deeds as the beneficiary. (First Am. Compl. ¶148.)

These claims are nothing more than a repackaging of the "show me the note" arguments and the "MERS as beneficiary" arguments that have been soundly rejected by this Court. *See, e.g.*, *Showell v. BAC Home Loans Servicing, LP*, No. 4:11–CV–00489– CWD, 2012 WL 4105472 *4 (D. Idaho Sept. 17, 2012) (rejecting "produce the note" theory, and citing *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 862 (Idaho 2012);

**REPORT AND RECOMMENDATION - 12**

holding that MERS was named as Lender's agent or representative, and had the authority to assign its beneficial interest in the Deed of Trust); *Washburn v. Bank of America*, No. 1:11-cv-00193-EJL-CWD, 2011 WL 7053617 *4 (securitization does not extinguish the security interest or impact the ability to foreclose the trust deed), *adopted as modified*, 2012 WL 139213. *See also Edwards v. MERS et. al.*, No. 38604-2011 (Idaho Apr. 25, 2013) (naming "MERS the beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law.").

Additionally, other than Plaintiffs' broad, sweeping allegations condemning the mortgage backed securities market and their generalizations about purported false and misleading documents, Plaintiffs have not identified any specific conduct attributable to a named Defendant that violates Idaho's Deceptive Trade Practices Act, found at Idaho Code § 48-603. *See Bacon v. Countrywide Bank*, 2012 WL 642658 *7 (D. Idaho Feb. 8, 2012) (rejecting similar sweeping allegations for a failure to plead with particularity the conduct that violated Idaho's Deceptive Trade Practices Act). Nor do Plaintiffs distinguish or cite to any of the opinions of this Court, which have rejected similar consumer protection act claims. *See, e.g., Id*; *Mortensen v. MERS*, No. 1:10-cv-234-EJL-REB, 2012 WL 4482040 *13 (D. Idaho Aug. 24, 2012), *adopted by* 2013 WL 943085 (D. Idaho Mar. 8, 2013).

Turning to Plaintiffs' FDCPA claim, this Court has held that, when a mortgage holder or lender institutes foreclosure proceedings, such activity does not fall within the provisions of the FDCPA. *Cherian v. Countrywide Home Loans, Inc.*, 2012 WL 5879281 *4 (D. Idaho Nov. 20, 2012). This is so because the "activity of foreclosing on [a]

property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Id*. (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002)). And lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA. *Ines v. Countrywide Home Loans, Inc.*, Case No. 08cvl267 WQH (NLS), 2008 WL 2795875, *3 (S.D.Cal. July 18, 2008) (citing *Williams v. Countrywide*, 504 F.Supp.2d 176, 190 (S .D. Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors.'"). *See also Fitzgerald v. PNCBank*, 2011 WL 1542138 *3 (D. Idaho April 21, 2011) (mortgagee and its assignee, including mortgage servicing companies, are not debt collectors under the FDCPA when the debt is not in default at the time the mortgage-holder acquires the debt).

Defendants have shown that no foreclosures are currently pending against any of the Plaintiffs. Many of the Plaintiffs are current on their loan payments. And the FDCPA does not apply to the situation as alleged by Plaintiffs. Defendants are not "debt collectors" under the FDCPA, nor have Plaintiffs alleged any facts in support of their broad, conclusory allegations that Defendants, under the circumstances, qualify as "debt collectors," or that any of them engaged in "debt collection activity" within the meaning of the FDCPA.

The Court therefore recommends that these two claims be dismissed with prejudice, as the defects described above cannot be cured by amendment. *Bisson*, 2013 WL 325262 *3.

**REPORT AND RECOMMENDATION - 14**

### 4.    Fraud

Next, the Court turns to Plaintiffs' fraud claim. The same reasoning that applies above regarding standing applies with equal force here. Again, Plaintiffs' fraud claim is a verbatim recitation of the very claim Judge Robart rejected for lack of standing in *Bisson*. 2013 WL 325262 *4. Plaintiffs' fraud claim is, to a large extent, grounded by Plaintiffs' claim that Defendants' authority to institute foreclosure proceedings is non-existent, another way to couch a wrongful non-judicial foreclosure claim. But Plaintiffs do not have standing to pursue a fraud claim based solely on the threat of non-judicial foreclosure, because there are no specific allegations that any foreclosures are pending, or that foreclosure threats were made. Although Plaintiffs make general, sweeping allegations that they have been threatened with foreclosure, or have received notices of default, the allegations as plead in the complaint are too vague for the Court to determine which Plaintiffs have a real and immediate controversy and which do not.

Nor have Plaintiffs plead fraud with the requisite particularity required under Idaho law. Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." When averments of fraud are made, the circumstances constituting the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 f.3d 1097, 1106 (9th Cir. 2003). The plaintiff must set forth

**REPORT AND RECOMMENDATION - 15**

"the who, what, when, where, and how" of the misconduct charged. *Id.* And a plaintiff "must set forth what is false or misleading about a statement, and why it is false." *Id.*

Under Idaho law, a fraud claim requires proof of the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Faw v. Greenwood*, 613 P.2d 1338, 1340 (Idaho 1980) (quoting *Mitchell v. Siqueiros*, 582 P.2d 1074, 1079 (Idaho 1978)). Plaintiffs have not pleaded these elements with the requisite particularity required by Rule 9(b).

Plaintiffs instead have made general, broad-sweeping allegations that Bank of America and Countrywide engaged in a scheme via the mortgage backed securities market to "defraud" Plaintiffs. (First Am. Compl. ¶¶ 61—67.) As a result, Plaintiffs allege that the fraudulent and improper scheme to securitize their respective Notes has resulted in "misrepresentations" and improprieties with regard to indorsements, sales of the notes, and failure to properly deposit the notes into trust pools. (*Id.* ¶¶ 68—72.) Plaintiffs allege they have been damaged because multiple parties "may" seek to enforce their debt obligations; title to their homes has been clouded; they have paid the wrong party; and they have paid attorney fees. (*Id.* ¶72.)

The next part of the fraud claim involves Plaintiffs' alleged efforts to modify their loans. (*Id.* ¶¶ 74—81.) They describe their efforts to modify their loans with Bank of America, and the resulting denial of their modification requests. And they recount

Defendants' "fraudulent HAMP loan modification" scheme in broad strokes. (*Id*. ¶¶ 91—124.) For instance, Plaintiffs allege Bank of America orchestrated a broad-based scheme that included lying to borrowers, improperly crediting payments, and making false statements during the HAMP process to further its profit goals. (*Id*.) They allege that Bank of America intentionally failed eligible homeowners from the HAMP qualification process as part of this scheme, and that Plaintiffs were among those improperly denied HAMP modifications. (*Id*. ¶ 110.) Plaintiffs claim they have suffered damages resulting in making improper payments, overpayment of interest, damaged credit scores, clouded titles, and attorney fees. (*Id*. ¶¶ 111-121.)  They further claim that Defendants are "illegally and fraudulently collecting" on Plaintiffs' debts, and their titles are now unmarketable. (*Id*. ¶122—23.) But, Plaintiffs do not dispute they owe money on their home loans. (*Id*. ¶ 63.)

While it is true Plaintiffs have described Defendants' alleged fraudulent scheme at great length, Plaintiffs do so in very broad detail. It is not enough. Plaintiffs must allege specific statements made in specific places on specific dates, and to whom they were made to. *See Neubronner v. Milken*, 6 f.3d 666, 671—72 (9th Cir. 1993); *Bisson*, 2013 WL 325262 *5. If Plaintiffs can manage to set forth the specific statements made, they must allege that each of the statements is false, that Plaintiffs relied upon it, and that Plaintiffs suffered damages. *Id.* Instead, Plaintiffs have described a general course of what they allege is bad conduct, and what they believe amounts to fraud, but have not articulated the factual basis for any of their beliefs.

**REPORT AND RECOMMENDATION - 17**

Nor have Plaintiffs distinguished between the five Defendants in this action, and the thirty-six Plaintiffs. At minimum, Plaintiffs must be able to articulate the fraudulent statements spoken to each individual Plaintiff, and by at least one Defendant, and explain how the Plaintiff relied upon that statement and what damages were caused by such reliance. The Amended Complaint fails to do this. Accordingly, Plaintiffs have not satisfied Rule 9(b), and have not raised their claim for relief above the speculative level. *See Ashcroft*, 556 U.S. at 678. Absent the "who, what, when, where, and how" of the misconduct charged, Plaintiffs' claim for fraud fails, and should be dismissed without prejudice.

Theoretically, however, Plaintiffs could amend this claim provided the requisite particularities are alleged. The Court therefore recommends that leave be given to amend this claim, subject to dismissal with prejudice if Rule 9(b) is not satisfied. *See Bisson*, 2013 WL 325262 at *5.

**5.     Declaratory Judgment**

Lastly, Plaintiffs seek a declaratory judgment. They claim that Defendants do not have a secured or other interest in the Deeds of Trusts, and therefore no right to foreclose. Again, this claim mirrors, word for word, the declaratory judgment claim in *Bisson* that District Judge Robart dismissed. *Bisson*, 2013 WL 325262 *6—7. *Compare* First Am. Compl. ¶¶125—135 *with* Dkt. 25-2, ¶¶ 130—140. In *Bisson,* the court dismissed the declaratory judgment claim because the plaintiffs had not adequately pleaded a claim for declaratory relief with respect to who owns their home loans and has the right to collect on them. The complaint in *Bisson* did not allege that that the plaintiffs were making

**REPORT AND RECOMMENDATION - 18**

payments to the wrong entity, only that they might be. The court found the plaintiffs'
arguments as to the "cloud" on their titles to be unpersuasive. The second reason the
court dismissed the plaintiffs' declaratory judgment claim in *Bisson* was because there
was no substantive cause of action giving the plaintiffs a legal right to the information
they sought. Absent a cause of action underpinning the remedy for declaratory relief, the
court could not grant such relief. The Court sees no reason to depart from the holding in
*Bisson*, and adopts the reasoning and analysis contained therein.

Under the Declaratory Judgment Act, a court may declare the rights and other
legal relations of a party. 28 U.S.C. § 2201 (1993). The Act confers on federal courts
unique and substantial discretion in determining whether to declare the rights of litigants
or to decline to enter a declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277,
286–87 (1995). A court, within its discretion, should declare the parties' rights and
obligations when the judgment will (1) clarify or settle the legal relations at issue, and (2)
terminate or afford relief from the uncertainty, insecurity, and controversy giving rise to
the proceeding. *Central Montana Elec. Power Co-op., Inc. v. Administrator of Bonneville
Power Admin.*, 840 F.2d 1472 (9th Cir.1988). The purpose of the Act is to relieve
potential defendants from the threat of, "impending litigation which a harassing adversary
might brandish, while initiating a suit at his leisure—or never" *Societe de
Conditionnement*, 655 F.2d 938, 943 (9th Cir.1981).

A Court should award declaratory relief only in "a case of actual controversy." 28
U.S.C. § 2201. To establish that a particular declaratory action presents an actual case or
controversy, a party is required to show, under all the circumstances of the case, there is a

**REPORT AND RECOMMENDATION - 19**

substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir.1990); *Societe de Conditionnement*, 655 F.2d at 943.

Plaintiffs have not adequately pleaded a claim for declaratory relief concerning who owns their home loans and has either the right to collect on them or the right to foreclose. The controversy is not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmunie, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007). Although Plaintiffs claim they do not know who to pay, and that there "may" be multiple claimants to their loans, they never allege that they in fact are making payments to the wrong entity. Plaintiffs have not pleaded that they are subjected to multiple entities trying to foreclose. Plaintiffs are, in fact, making payments to Bank of America, their loan servicer. The allegations in the complaint are not specific enough to establish that there is any immediate controversy. No specific plaintiff has alleged that he or she has been denied a legal right to negotiate with their creditors, or that they are actually in default and foreclosure is imminent. Plaintiffs' other allegations regarding clouded title or the marketability of their homes are similarly unpersuasive. In short, their allegations are insufficient to create a real and immediate controversy justifying declaratory relief.

Second, Plaintiffs have not pleaded a cause of action underlying their claim for declaratory relief. Plaintiffs claim to want to know who their creditors are. They do not say whether they could obtain this information simply by asking their loan servicer. The

Court is not aware of any substantive law that gives them a right to know this information. *See Reeves v. ReconTrust Co., N.A.*, 846 F.Supp.2d 1149, 1169 (D. Or. Feb. 28, 2012) (dismissing claim for declaratory relief absent a viable claim for wrongful foreclosure).

Plaintiffs' claims are premised upon allegations that MERS does not have the authority to accelerate the notes, declare defaults, or initiate foreclosure proceedings. They want to know whether Defendants have the right to initiate and conduct non-judicial foreclosure proceedings. But in essence, Plaintiffs are repackaging the argument that Defendants lack "standing" to foreclose because only the note holder may do so. Yet two Idaho cases have held that MERS, as the lender's agent, does have such authority to assign its interest and initiate the foreclosure process.  In *Trotter*, the Idaho Supreme Court held that MERS could assign its interest in the deed of trust, and all that was required to initiate foreclosure proceedings was compliance with Idaho Code § 45-1505. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 457—48 (Idaho 2012). Recently, in *Edwards*, the Idaho Supreme Court revisited judicial foreclosures and the ability of MERS, as the lender's agent, to appoint a successor trustee to initiate non-judicial foreclosure under Idaho Code § 45-1501. The court held that MERS had the authority to foreclose the deed of trust, and that the successor trustee appointed by MERS had the authority to institute foreclosure proceedings. Slip op. at 9. Plaintiffs have failed to cite, or otherwise distinguish, these two cases.

Plaintiffs have not alleged sufficient concrete facts to show that they are entitled to declaratory relief. They have not asserted specific facts about what MERS did, nor the

legal basis for the relief requested. Plaintiffs' claim for declaratory judgment should therefore be dismissed without prejudice. Again, the Court recommends, per the reasoning in *Bisson*, that leave be given to amend this claim, subject to dismissal with prejudice. 2013 WL 325262 at *7.

## 6.   Additional Considerations

Plaintiffs have, in their opposition to the motion to dismiss, failed to cite to the plentiful controlling authority of this Court wherein the Court has considered similar claims and dismissed them. *See, e.g.*, *Showell v. BAC Home Loans Serv.*, 2012 WL 4105472 (D. Idaho 2012).[3] Ordinarily, even if a party has not requested leave to amend, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). But Plaintiffs have already had the opportunity to amend their complaint once. Having been given sufficient time to address the holding in *Bisson*, they failed to do so. And in light of the extensive controlling authority by this Court wherein similar claims were dismissed, the Court recommends that leave to amend not be given, other than with respect to the fraud claim and declaratory judgment claim. If Plaintiffs cannot overcome the deficiencies described herein and in *Bisson*, then the entirety of Plaintiffs' claims should be dismissed with prejudice.

---

[3] Other cases include: *Bacon v. Countrywide Bank, FSB*, 2012 WL 642658 (D.Idaho  Feb. 8, 2012); *Mortensen v. MERS*, 2012 WL 4482040 (D.Idaho Aug. 24, 2012); *Van Kirk v. Bank of Am. Corp.* 2012 WL 3544735 (D.Idaho, Aug. 15, 2012); *Gilbert v. Bank of Am. Corp.*,  2012 WL 4470897 (D.Idaho Sept. 26, 2012); *Sykes v. MERS*, 2012 WL 914922 (D.Idaho March 15, 2012); *Washburn v. Bank of Am., N.A.*, 2011 WL 7053617 (D.Idaho, Oct. 21, 2011); *Russell v. OneWest Bank FSB*, 2011 WL 5025236 ( D.Idaho, Oct. 20, 2011); *O'Banion v. Select Portfolio Servs., Inc.*, 2012 WL 4793442 (D.Idaho, Aug. 22, 2012); *Purdy v. Aegis Wholesale Corp.*, 2012 WL 4470945 (D. Idaho Aug. 17, 2012); *Hobson v. Wells Fargo Bank., N.A.*, 2012 WL 505917 (D.Idaho Feb. 15, 2012); *Williams v. Bank of Am., N.A.*, 2012 WL 3286052 (D.Idaho Aug. 10, 2012). These are just a few of the cases wherein the Court has discussed claims similar to those raised by Plaintiffs here.

**REPORT AND RECOMMENDATION - 22**

## CONCLUSION

For the reasons discussed above, the Court recommends that Defendants' Motion to Dismiss be granted, dismissing the FDCPA and consumer protection act claims with prejudice, and the fraud and declaratory judgment claims without prejudice subject to leave to amend, as described above.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

  1)  Defendants' Motion to Dismiss (Dkt. 21) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: May 28, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 23**