UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER WHALEN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, N.A. FOR THEMSELVES AND AS SUCCESSOR IN INTEREST OF COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOAN, INC.; et al.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-00291-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　　On May 28, 2013, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 26.) The Report and Recommendation sets forth the underlying factual and procedural history of the case and recommends that the Defendants' Motion to Dismiss be granted to dismiss the FDCPA and Consumer Protection Act claims with prejudice and dismiss the Fraud and Declaratory Judgment claims without prejudice subject to leave to amend. (Dkt. 26 at 23.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation, the parties' briefing, and the entire record in this matter and finds no clear error on the face of the record. The Court also reviewed the supplemental authority cited in the Report and Recommendation, *Bisson, et. Al. v. Bank of America, N.A., et. al.*, No. c12-0995JLR, 2013 WL 325262 (W.D. Wash. Jan. 15, 2013), and agrees with the Magistrate Judge's interpretation. This Court concludes that Chief Magistrate Judge Dale properly set forth the law applicable to the Motion to Dismiss and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by Chief Magistrate Judge Dale, this Court too finds that the FDCPA and Consumer Protection Act claims should be dismissed with prejudice and that the Fraud and Declaratory Judgment claims should be dismissed without prejudice subject to leave to amend.

In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

Defendants' Motion to Dismiss as stated therein. Leave to amend is granted as to the Fraud and Declaratory Judgment claims.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 26) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. 21) is **GRANTED** as follows:

1) Plaintiffs' claims made under the FDCPA and the Consumer Protection Act are **DISMISSED WITH PREJUDICE** in there entirety without leave to amend.

2) Plaintiffs' claims for Fraud and Declaratory Judgment are **DISMISSED WITHOUT PREJUDICE** with leave to amend the Complaint being **GRANTED**. Any Amended Complaint shall be filed on or before **July 19, 2013**. Failure to file such amended complaint may result in dismissal of this action without further notice.

DATED: **June 19, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**